IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**STEVEN MCKINNEY**                                                                         **PLAINTIFF**

VS.                                                                    CAUSE NO.  3:22-cv-298-KHJ-RHWR

**TREJO RESINDEZ; ANTHONY PAUL SHARP;**
**ANTHONY BLAKE SHARP; SHARP, TONY &**
**BLAKE DBA B/S TREE SERVICE, and JOHN DOES 1 - 5**         **DEFENDANTS**

# COMPLAINT

(*JURY TRIAL DEMANDED*)

COMES NOW the Plaintiff, Steven McKinney, and files this his Complaint for damages against Defendants Trejo Resindez, Anthony Paul Sharp, Anthony Blake Sharp, Sharp, Tony and Blake DBA B/S Tree Service and John Does 1 - 5, and in support thereof, would show as follows:

## PARTIES

1. Plaintiff Steven McKinney is an adult resident citizen of the state of Alabama.

2. Defendant Trejo Resindez is a individual adult resident citizen of the country of Mexico, and may be served pursuant to the Federal Rules of Civil Procedure.

3. Defendant Anthony Paul Sharp is an adult resident citizen of the state of Mississippi, who may be served with process at his residence address of 734 Shaffers Chapel Road, Columbus, Mississippi 39701.

4. Defendant Anthony Blake Sharp is an adult resident citizen of the state of Mississippi, who may be served with process at his residence address of 420 Tibbee Road, Columbus, Mississippi 39701.

5. Defendant Sharp, Tony & Blake DBA B/S Tree Service is a legal entity of unknown juridical composition, that may be served with process by service upon Blake Sharp, at his address of 420 Tibbee Road, Columbus, Mississippi 39701, and/or upon Tony Sharp, at his address of 734 Schaeffer Chapel Road, Columbus, MS 39701. At material times, Defendant Sharp, Tony & Blake DBA B/S Tree Service acted by and through its agents, servants, and/or representatives. Further, the acts of Defendant Sharp, Tony & Blake DBA B/S Tree Service's employees, agents, servants, and/or representatives committed at material times in the course and scope of their employment are attributable to Defendants Anthony Paul Sharp, Anthony Blake Sharp, and Tony & Blake DBA B/S Tree Service through principles and doctrines of *respondeat superior*, agency, actual and/or apparent authority, and/or other common law and statutory impositions of vicarious liability.

6. Defendants John Does 1 - 5 are individuals and/or entities whose identity is not known to Plaintiff at this time, who were owners or operators of, and/or who exercised control and dominion over, the vehicle operated by Defendant Resindez at the time of the collision which forms the basis for this action, and/or who were employees, agents, joint venturers, or other servants or representatives of defendants herein during relevant time periods. John Does 1 - 5 will be identified when Plaintiff becomes aware of their identity.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332. As Plaintiff is a citizen of Alabama and Defendants are citizens of Mississippi and/or Mexico, complete diversity of citizenship exists, supporting jurisdiction in this Court pursuant to 28 U.S.C. § 1332. Venue of this action is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in the Northern Division

of the Southern District of this Court.

## FACTS

8. On June 3, 2019, Plaintiff was operating a motor vehicle, traveling west on MS Highway 16, near the intersection of Lovers Lane in Kemper County, Mississippi, when a 1995 Ford Van, operated by Defendant Resindez and ostensibly owned by one or more other named Defendants, and traveling east on Mississippi Highway 16, negligently left its lane of travel, and impacted Plaintiff's vehicle.

9. The impact was caused by the vehicle operated by Defendant Resindez leaving its lane of travel, and crossing over into Plaintiff's lane of travel. Despite Plaintiff's best efforts, the vehicles collided. As a result of the collision, Plaintiff McKinney sustained severe and permanent personal and bodily injury, and incurred medical bills and expenses. Property damage was sustained to the vehicle occupied by Plaintiff at the time of the impact.

10. The injuries sustained by Plaintiff were caused by the negligence of Defendant Resindez and one or more of the named defendants listed herein.

11. At all times, Defendant Resindez owed to Plaintiff the duty to use reasonable care in the operation of the vehicle. Defendant Resindez failed to use reasonable care and breached the applicable standard of care owed to Plaintiff by failing to fulfill such duties of care. Such breaches and failures were negligent. The negligence of Defendant Resindez caused or contributed to the cause of Plaintiff's injuries and damages. The negligence, gross negligence, and/or reckless conduct of Defendant Resindez in failing to adhere to the standards of care is the direct and proximate cause of the personal and bodily injury to Plaintiff and his resulting damages.

12. Defendant Resindez was negligent in the following, non-exclusive ways:

   a. failing to maintain a reasonable look out;

   b. failing to maintain reasonable control of his vehicle;

   c. driving under the influence of mind altering substances;

   d. driving at an excessive rate of speed;

   e. leaving his designated travel lane on Mississippi Highway 16 and entering Plaintiff's land of travel, and:

   f. such other and further negligent acts and omissions which will be shown at trial.

13. As a proximate result of Defendant Resindez's negligence, the Plaintiff has sustained, and will sustain, personal and bodily injury and damages, including past and future physical and mental pain and suffering; past and future loss of enjoyment of life; past and future medical expenses; past and future lost wages; and past and future loss of wage earning capacity.

14. At all material times, Defendant Resindez was acting in the course and scope of his employment with Defendants Anthony Paul Sharp, Anthony Blake Sharp, Sharp, Tony and Blake DBA B/S Tree Service and/or John Does 1 - 5, and/or one or more of them.

## NEGLIGENCE AND GROSS NEGLIGENCE

15. The allegations of Paragraphs 1 - 14 are incorporated herein as if reproduced in full.

16. At all material times, Defendant Resindez was imposed with non-delegable duties to operate his vehicle with reasonable care. Resindez breached such duties, and was therefore negligent. Resindez's negligence was of such a type, character and extent to constitute gross negligence. The acts and conduct of Resindez constitute negligent and grossly negligent conduct.

17. As a result of the negligent and grossly negligent conduct of Resindez, Plaintiff sustained personal and bodily injury as set forth herein, and is legally entitled to an award of compensatory damages from Resindez for the personal and bodily injuries sustained by Plaintiff as a result of the collision.

18. At all material times, Anthony Paul Sharp, Anthony Blake Sharp, Sharp, Tony and Blake DBA B/S Tree Service and/or John Does 1 - 5, and/or one or more of them, owed a duty to Plaintiff and the general public to properly train, supervise, and otherwise instruct their employees, including Defendant Resindez, as to the safe and proper operation of vehicles owned by one or more Defendants while operating such vehicles in the course and scope of employment with one or more Defendants. Such Defendants breach such duty.

19. As a result of the negligent and grossly negligent conduct of Defendants Anthony Paul Sharp, Anthony Blake Sharp, Sharp, Tony and Blake DBA B/S Tree Service and/or John Does 1 - 5, and/or one or more of them,  Plaintiff sustained personal and bodily injury as set forth herein. The negligence of Defendants was the proximate cause and/or a proximate contributing cause of Plaintiff's injuries and damages. Plaintiff is legally entitled to an award of compensatory damages from Defendants for the personal and bodily injuries sustained by Plaintiff as a result of the collision.

**NEGLIGENT ENTRUSTMENT**

20. The allegations of Paragraphs 1 - 19 are incorporated herein as if reproduced in full.

21. At all material times, Defendants Anthony Paul Sharp, Anthony Blake Sharp, Sharp, Tony and Blake DBA B/S Tree Service and/or John Does 1 - 5, and/or one or more of them, had

a right to control the vehicle and actual control over the vehicle operated by Defendant Resindez at the time of the collision that caused Plaintiff's damages.

22. Defendants Anthony Paul Sharp, Anthony Blake Sharp, Sharp, Tony and Blake DBA B/S Tree Service and/or John Does 1 - 5, and/or one or more of them supplied, directly or through a third person, the 1995 Ford Van for the use of Resindez when such Defendants knew or had reason to know to be likely that Resindez would use it in a manner involving unreasonable risk of physical harm to himself and others whom such Defendants should have expected to be endangered by its use.

23. Under the circumstances, such Defendants negligently made a dangerous instrumentality available to Resindez under circumstances that created an unreasonable risk of injury to third persons, including Plaintiff, and such injury occurred, causing Plaintiff's damages.

24. As such, Defendants' entrustment of operation and control of the vehicle to Resindez was unreasonable and negligent, and caused and/or contributed to the cause of the collision and Plaintiff's injuries and damages. As such, Defendants are liable to Plaintiff for Plaintiff's injuries and damages.

## JOINT VENTURER LIABILITY

25. The allegations of paragraphs 1 through 24 are incorporated herein as if reproduced in full.

26. At all times, all and/or more than one Defendants herein acted together as joint venturers, agreeing to and participating in a specified undertaking for profit, and therefore are vicariously liable to Plaintiff for the negligent and/or intentional acts of the joint venture and/or the joint venturers and/or those for whom such Defendants are vicariously liable.

## VICARIOUS LIABILITY

27.     Paragraphs 1 - 26 above are incorporated herein as if reproduced in full.

28.     At all relevant times, Defendant Anthony Paul Sharp, Anthony Blake Sharp, Sharp, Tony and Blake DBA B/S Tree Service and/or John Does  1 - 5 employees, agents, servants, partners, members, and/or representatives were acting within the course and scope of their employment and/or agency with such Defendants. The acts, omissions, misfeasance, malfeasance, nonfeasance, and/or negligence of such employees, agents, and/or representatives are attributable to Defendants Anthony Paul Sharp, Anthony Blake Sharp, Sharp, Tony and Blake DBA B/S Tree Service and/or John Does  1 - 5 through vicarious liability, *respondeat superior* and other impositions of vicarious liability, including the liability imposed upon joint venturers.

29.     In addition to being liable and responsible in damages for their own acts of negligence or that of their employees or independent contractors, the acts of the individual Defendants are imputed as a matter of law to each and all Defendants named herein, pursuant to principals of agency, master/servant liability, employer/employee liability, *respondeat superior*, and other impositions of vicarious liability, including the liability imposed upon joint venturers.

## PUNITIVE AND EXEMPLARY DAMAGES

30.     The allegations of paragraphs 1 through 29. are incorporated herein as if reproduced in full.

31.     Alternatively, the wrongful acts of Defendants as set forth herein were undertaken intentionally, maliciously, willfully and wantonly, in conscious disregard for the rights and safety of Plaintiff, and were of such an outrageous and grossly negligent character to warrant to imposition

of punitive and/or exemplary damages against all Defendants. Accordingly, in addition to compensatory damages, Plaintiff prays for an award of punitive and exemplary damages against all Defendants in an amount sufficient to deter these Defendants and those similarly situated from like or similar conduct in the future.

## DAMAGES

32. The allegations of Paragraphs 1. through 31. above are incorporated herein as if reproduced in full.

33. As a result of Defendants' conduct as set forth herein, Plaintiff has suffered and continues to suffer personal injury, bodily injury, pain and suffering, mental and emotional distress, lost wages and wage earning capacity, past and future medical expenses, inconvenience, and aggravation, all for which compensation is sought by reason of this action.

34. That as a result of Defendants' conduct, Plaintiff is entitled to an award of punitive damages from Defendants.

WHEREFORE, Plaintiff demands judgment of and from Defendants, jointly and severally, for actual damages in the amount of $1,000,000.00, including damages for pain and suffering, past and future medical expenses, lost wages and wage earning capacity, mental and emotional distress, inconvenience and aggravation; attorneys' fees and costs associated with the prosecution of this action; punitive damages in the amount calculated to deter these Defendants and those similarly situated from like conduct in the future; attorneys fees and costs incurred in the prosecution of this action, prejudgment interest on all such amounts, in a total amount within the jurisdictional limits of this Court, in an exact amount to be established at trial of this action.

Plaintiff prays for such other and further relief, of an equitable or legal nature, to which he may be entitled.

Dated: June 3, 2022.

Respectfully submitted:

  /s/ *Michael T. Jaques*
MICHAEL T. JAQUES, ESQ.
ATTORNEY FOR PLAINTIFF,
STEVEN MCKINNEY

Of Counsel:
Michael T. Jaques, Esq.  MSB. No. 8708
Simmons Dallas, PLLC
240 Trace Colony Park, Suite 100
Ridgeland, MS 39157
(601) 941-8977